UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BOBBY CHISOM, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:14-cv-09266-DLC |
| | : | |
| v. | : | |
| | : | |
| CARIBBEAN CRUISE LINE, INC., and DOES 1-10, | : | **ANSWER and** |
| | : | **AFFIRMATIVE DEFENSES** |
| | : | |
| Defendants. | : | |
| | : | |

Defendant CARIBBEAN CRUISE LINE, INC. ("CCL"), hereby submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff, BOBBY CHISOM's Complaint ("Complaint") [D.E. 2].

## JURISDICTION

1. CCL admits that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), but CCL denies that it has violated the TCPA or engaged in any other wrongdoing vis-à-vis the Plaintiff that would give rise to a legal action, and therefore denies the allegations in Paragraph 1 of the Complaint.

2. CCL admits that Plaintiff alleges that venue is proper in this District Court, but otherwise denies or is without knowledge as to the veracity of the allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4. CCL admits the truth of the allegations contained in Paragraph 4 of the Complaint.

5. CCL is without knowledge or information sufficient to determine what "Agents" Plaintiff is alleging in Paragraph 5 of the Complaint or whether they will be joined in this action, and therefore denies the allegations in Paragraph 5 of the Complaint.

6. CCL is without knowledge or information sufficient to determine what "Agents" or actions Plaintiff is alleging in Paragraph 6 of the Complaint, and therefore denies the same.

## FACTS

7. CCL is without sufficient knowledge as to whether Plaintiff has a cellular telephone, and denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. CCL denies the allegations in Paragraph 8 of the Complaint.

9. CCL denies the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. CCL denies the allegations in Paragraph 10 of the Complaint.

11. CCL denies or is without sufficient knowledge as to the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. CCL denies or is without sufficient knowledge as to the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. CCL denies the allegations in Paragraph 13 of the Complaint.

## COUNT 1
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227, et. seq.

14. CCL incorporates its answers to all preceding Paragraphs as if fully set forth herein.

15. CCL denies the allegations in Paragraph 15 of the Complaint.

16. CCL denies or is without sufficient knowledge as to all of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. CCL is without sufficient knowledge as to whether Plaintiff owns a cellular telephone for which he incurs charges, and otherwise denies the allegations in Paragraph 17 of the Complaint.

18. CCL is without sufficient knowledge as to whether other Defendants placed calls to Plaintiff for "emergency purposes" as alleged, admits that CCL does not place calls to consumers for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), and that any calls to Plaintiff from CCL (if any) were not placed for "emergency purposes" as alleged in Paragraph 18 of the Complaint.

19. CCL denies the allegations contained in Paragraph 19 of the Complaint as to CCL

20. CCL denies the allegations contained in Paragraph 20 of the Complaint as to CCL.

## PRAYER FOR RELIEF

CCL denies that Plaintiff is entitled to any relief as set forth in her "Prayer for Relief," including the subsections 1-3 therein.

## AFFIRMATIVE DEFENSES

CCL states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CCL's Affirmative Defenses. Accordingly, CCL asserts the following Affirmative Defenses:

3

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action, including but is not limited to the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted because the Complaint impermissibly lumps all of Defendants together and does not explain which Defendant committed which wrong, and the theory of liability Plaintiff is proceeding under against each Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining her claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control

## FIFTH AFFIRMATIVE DEFENSE

CCL is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, any such third parties were not CCL's agents and CCL did not exercise substantial control over their actions.

21900423v1-GMEMPLOYEE.U1772

**SIXTH AFFIRMATIVE DEFENSE**

CCL is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff. To the extent that any such third parties are deemed CCL's agents, such parties were acting outside the scope of their authority and any agency relationship with CCL, and CCL did not ratify their actions.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, agency or joint venture, such claims have not been specifically or sufficiently pled.

**EIGHTH AFFIRMATIVE DEFENSE**

CCL is not liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff because CCL was never a joint venturer with any such third parties. At all times relevant to this action, such third parties and CCL never: (1) had a specific agreement to carry on an enterprise for profit; (2) that evidenced their intent to be joint venturers; (3) with each contributing property, financing, skill, knowledge, or effort to the venture, and having a degree of joint control over it; and (5) with the sharing of both profits and losses associated with the venture. *See Itel Containers Intern. Corp. v. Atlanttrafik Exp. Service Ltd.*, 909 F.2d 698, 701 (2d Cir. 1990).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel. *See U.S. D.I.D. Corp. v. Windstream Communications, Inc.*, 775 F.3d 128(2d Cir. 2014).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his consent to be called on his cellular and/or residential telephones.

5

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitation.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because CCL did not engage in knowing or willful misconduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable State, Federal, and local laws and regulations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech.  Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands because he consented to and/or participated in the initiation of the complained of telephone calls alleged in the Complaint. *See Pinter v. Dahl,* 486 U.S. 622, 632 (U.S. 1988).

21900423v1-GMEMPLOYEE.U1772

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to timely notify CCL and/or other Defendants that the alleged telephone calls should cease.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification based in part on Plaintiff's failure to timely notify CCL and/or other Defendants that the complained of telephone calls should cease.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because CCL's use of an automatic telephone dialing system, if any, as defined under the TCPA and/or use of a prerecorded voice was consented to and/or pre-authorized by Plaintiff. *See* 47 U.S.C. §227(b)(1)(A)(iii).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any of the complained of telephone calls between Plaintiff and CCL were conducted with a live human, and thus, any such calls do not violate the TCPA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Laches and Waiver for Plaintiff's failure to timely notify CCL and/or other Defendants that the complained of telephone calls should cease. *See Iowa v. Tovar*, 541 U.S. 77, 92 (U.S. 2004).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*. At all relevant times Plaintiff requested, consented to and/or pre-authorized the telephone calls he received from CCL

and/or the other Defendants, including any calls to his cellular telephone number. *See Pinter v. Dahl*, 486 U.S. 622, 629 (U.S. 1988).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the exceptions provided under the TCPA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the complained of telephone calls do not constitute a "telephone solicitation" under the TCPA. *See* 47 U.S.C. §227(a)(4).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the complained of telephone calls do not constitute an "unsolicited advertisement" under the TCPA. *See* 47 U.S.C. §227(a)(5).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, precluded or subject to a stay pursuant to the doctrine of primary jurisdiction and the inherent authority of this Court in light of pending FCC Petitions for Declaratory Relief regarding issues critical to this action and/or in light of substantially similar earlier filed class actions involving similar parties, subject matter and proposed class definitions.

### RESERVATION

CCL reserves the right to amend its Answer and Affirmative Defenses up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**WHEREFORE**, Defendant, Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CCL, dismiss this action with prejudice, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for

21900423v1-GMEMPLOYEE.U1772

Case No. 1:14-cv-09266-DLC<br>*CCL's Answer and Affirmative Defenses*

such further relief that this Court deems just and proper.

DATED: <u>March 23, 2015</u>          Respectfully Submitted,

                                              */s/ Jeffrey A. Backman*
 RICHARD W. EPSTEIN (Admitted *Pro Hac Vice)*
 Florida Bar No. 229091
 JEFFREY A. BACKMAN (Admitted *Pro Hac Vice*)
 Florida Bar No. 662501
 GREENSPOON MARDER, P.A.
 200 East Broward Blvd., Suite 1800
 Fort Lauderdale, FL 33301
 Phone: 954-491-1120
 Fax: 954-213-0140
 Email: richard.epstein@gmlaw.com
 Email: jeffrey.backman@gmlaw.

*Counsel for Defendant Caribbean Cruise Line, Inc.*

21900423v1-GMEMPLOYEE.U1772

Case No. 1:14-cv-09266-DLC
*CCL's Answer and Affirmative Defenses*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2015, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Jeffrey Backman*

# SERVICE LIST

**Sergei Lemberg, Esq.**
**Jenny DeFrancisco, Esq.**
LEMBERG LAW L.L.C.
1100 Summer St., 3d Floor
Stamford, CT 06905
Phone: 203-653-2250
Fax: 203-653-3424
Email: slemberg@lemberglaw.com

**Richard W. Epstein, Esq.**
**Jeffrey A. Backman, Esq.**
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Phone: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com

**Joseph DeDonato**
MORGAN, MELHUISH, MONAGHAN, ARVIIDSON, ABRUTYN & LISOWSKI
39 Broadway-35flr
New York, NY 10006
(212) 735-8600
Fax: (212)-509-3422
Email: jdedonato@morganlawfirm.com

21900423v1-GMEMPLOYEE.U1772